BERIAH BROWN and ELIAS A. CALKINS, Plaintiffs
in Error.

*vs.*

HENRY W. REMINGTON, Defendant in Error.

ERROR TO THE DANE CIRCUIT COURT.

This was an action for libel. The declaration was in the usual form and set out the defamatory or libellous matter as published in the " Daily Argus and Democrat," as follows: " Did compose and publish, and cause and procure to be published, of and concerning the said plaintiff, a certain false, scandalous, malicious and defamatory libel, containing amongst other things, the false, scandalous, malicious and defamatory matter, of and concerning the said plaintiff, that is to say- 'this man, Remington,' (meaning the said plaintiff,) 'is a very miserable fellow; no man in this community would say that it is possible for us to injure him' (meaning the said plaintiff,) 'to the extent of six cents,' (meaning to say that the said plaintiff's character was so bad as to be held in hatred and contempt by all his, the said plaintiff's, neighbors, and other good and worthy citizens of the State.) 'The community could hardly despise him worse than they now do,' (meaning that the said plaintiff had so dishonestly and improperly conducted himself as to incur public hatred, contempt and ridicule.)

"And the said plaintiff further saith, that the said defendants further contriving and intending, as aforesaid, heretofore, to wit, on the day and year aforesaid, at Madison, in said county of Dane, falsely, wickedly, and maliciously, did publish, in said 'Daily Argus and Democrat,' a certain other

false, scandalous, malicious and defamatory libel, of and concerning the said plaintiff, containing among other things, the false, scandalous, malicious, defamatory and libellous matter following, that is to say, 'A disreputable pettifogger named Remington,' (meaning the said plaintiff,) who recently ran for District Attorney, and was defeated, has, we understand, again sued us for libel. This man, Remington,' (meaning the said plaintiff,) 'is a very miserable fellow,' (meaning that the said plaintiff was a very dishonest and disreputable man.) 'No man in this community would say, that it was possible for us to injure him' (meaning the said plaintiff) ' to the extent of six cents,' (meaning that the character of the said plaintiff was so bad, in the estimation of his, the said plaintiff's neighbors, that it would be impossible to injure it by any amount of scandalous and libellous matter.) 'The community could hardly despise him' (meaning said plaintiff) 'more than they do now.' (Meaning that all the neighbors of the said plaintiff, and other good and worthy citizens of this State, to whom said plaintiff was in any wise known, regarded him, said plaintiff, with merited hatred and contempt.)

The plaintiff in error demurred to the declaration, on the ground, " That the said publication, as disclosed in the plaintiff's declaration, is not libelous in law," which demurrer was overruled. The plaintiff in error then pleaded the general issue to the declaration.

The verdict of the jury was in favor of the plaintiff, and assessed his damages at three hundred dollars, upon which judgment was rendered, to reverse which, this writ of error was sued out.

*Atwood & Haskell*, for the plaintiffs in error.

*Johnson & Rollins*, for the defendant in error.

*By the Court,* WHITON, C. J.    This cause was submitted without argument by either party, and without even a brief by the plaintiffs in error.    We therefore do not know what errors they complain of, nor upon what they rely to reverse the judgment.    We have, however, examined the record, but have failed to discover any error which would justify the reversal of the judgment.    There is no bill of exceptions, and we must therefore suppose that nothing occurred at the trial of the case to which the plaintiffs in error take exception. The declaration we think sets out a good cause of action. (See 1 Starkie on Slander, 157 ; *Cooper vs. Greeley et al.,* 1 Denio, 347 ; *Cramer vs. Noonan,* 4 Wis. Rep., 231.    We must therefore affirm the judgment.